UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAWN M. BACHI-REFFITT

       Plaintiff,

v.

KEVIN REFFITT, RONALD REFFITT, SR., KAREN WIERENGA, And PENCON, INC.,

       Defendants.

_____/

Case No. 1:17-cv-263
Honorable Gordon J. Quist

**DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11**

      Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Kevin Reffitt, Ronald Reffitt Sr., Karen Wierenga, and Pencon, Inc. ("**Defendants**"), by and through their attorneys, Warner Norcross & Judd LLP, move for sanctions against Plaintiff Dawn M. Bachi-Reffitt and her counsel. As set forth more fully in the accompanying Brief, Plaintiff and her counsel have presented pleadings to this Court for an improper purpose and proffered legal contentions and facts that are unwarranted by existing law. Therefore, Defendants' motion for sanctions should be granted.

      1.    This action represents Plaintiff's *fourth* attempt to litigate a property division relating to stock in her divorce, her *third* effort to re-litigate her final Consent Judgment of Divorce, and her *second* collateral attack on the Consent Judgment of Divorce by filing a new and separate lawsuit.

      2.    Specifically, on February 9, 2012, Plaintiff was involved in divorce proceedings with her ex-husband, Defendant Kevin Reffitt, in the Grand Traverse Circuit Court, Family

Division, Case No. 12-9032-DM.  As part of those proceedings, Plaintiff conducted extensive discovery regarding the stock transfer between Kevin Reffitt and his father, Defendant Ronald Reffitt, Sr., which took place prior to Kevin Reffitt filing for divorce. Kevin Reffitt produced information and documents in response to Plaintiff's discovery requests regarding the stock transfer. These disclosures were made months before the Consent Judgment of Divorce was entered by the family court, and the parties were set to go to trial over, among other things the validity of that transfer and the value of the stock.

3.   Rather than go to trial over those issues, Plaintiff voluntarily signed a Consent Judgment of Divorce on April 19, 2013, that, in part, divided the value of the stock, and included broad release language that "forever" settled "any and all claims or rights" between Plaintiff and Kevin Reffitt arising out of their marriage and subsequent divorce and "forever discharged" Mr. Reffitt from all actions, suits, claims and demands "whatsoever," which she has "ever had, now has or may hereafter have" against Mr. Reffitt, "upon or by reason of any matter, cause, or thing, up to the date of [the Consent Judgment]."

4.   On June 17, 2014, Plaintiff filed an untimely motion in the original action for post-judgment relief, alleging the same central theory of Plaintiffs' complaint in this action: that Kevin Reffitt fraudulently concealed his interest in the stock during the Divorce Proceeding. Plaintiff asked the family court to re-open the divorce case in order to re-litigate the property division and grant Plaintiff relief from the consent judgment for fraud on the court. On August 8, 2014, the family court denied Plaintiff's motion as untimely under Michigan law, leaving the Consent Judgment intact and in full force and effect.

5.   Plaintiff then filed a separate suit against Kevin Reffitt and Ronald Reffitt Sr. in the General Civil Division of the Grand Traverse County Circuit Court, Case No. 14-30536-CZ,

alleging eight causes of action based on the same operative facts and fraud theory asserted in her motion for post-judgment relief and in this case. Defendants disclosed Michigan case law clearly barring Plaintiff's separate fraud action.[1] On November 17, 2014, the court dismissed Plaintiff's action and reasoned that it was inappropriate for Plaintiff to file a separate suit based on alleged fraud in the divorce case, as a timely motion in the divorce case was the appropriate method for obtaining relief relating to intrinsic discovery fraud under Michigan law.

6.  Now, despite two separate Michigan circuit court judges refusing to allow her to pursue her discovery fraud claims relating to the Stock, and despite Plaintiff's knowledge of the *Nederlander* case, Plaintiff has repackaged her same claims and filed another separate fraud suit in this Court, adding a RICO claim against Kevin Reffitt and his family in a desperate attempt to obtain federal jurisdiction. However, the operative facts of the federal complaint are nearly identical to the facts asserted in the previous state actions and proceedings. In this action Plaintiff again pursues the exact same collateral attack on the Consent Judgment of Divorce, despite its preclusive effect under Michigan law and broad release language.

7.  Plaintiff's complaint also includes a myriad of inflammatory allegations against Kevin Reffitt's immediate family and his deceased brother, broadly accusing them of running a criminal racketeering enterprise, without a good faith factual or legal basis for doing so. Plaintiff has also attached personal correspondence from Kevin Reffitt's family members to her publicly filed Complaint.

8.  The claims in this action are based entirely on Plaintiff's claim to certain property by virtue of her marriage to Kevin Reffitt, which rights were fully and finally adjudicated in the divorce proceeding. Plaintiff's repeated filing of litigation involving the same facts, claims and

---

[1] *Nederlander v. Nederlander*, 517 N.W.2d 768, 770 (Mich. Ct. App. 1994).

issues that have already been disposed of in state court violates Fed. R. Civ. P. 11(b)(1) because Plaintiff's pleadings are meant to harass defendants and needlessly increase the cost of litigation.

9. Plaintiff's knowledge of existing Michigan law, particularly the *Nederlander* case, MCR 2.612(C)(1)(c) and (2), and the doctrine of *res judicata*, violates Fed. R. Civ. P. 11(b)(2) because Plaintiff has asserted claims and legal contentions that are not warranted by existing law or facts surrounding this matter. Additionally, Plaintiff has clearly failed to state any actionable claim as a matter of law for the reasons stated in the Brief in Support of Defendants' Motion to Dismiss.

10. Finally, Plaintiff's unjustified, irrelevant, and outrageous allegations against Kevin Reffitt and his family, including his deceased brother, go beyond the bounds of reasonableness and are meant only to harass defendants in violation of Fed. R. Civ. P. 11(b)(1).

11. This Motion is further supported and warranted by Defendants' Brief in Support of Motion to Dismiss, which thoroughly discusses the procedural history and relevant, binding case law demonstrating the frivolity of Plaintiff's claims.

Pursuant to Federal Rule of Civil Procedure 11(c)(2), this motion was served on Plaintiff's counsel in accordance with Rule 5 on June 23, 2017, more than twenty-one days before the motion was filed with this Court.

Dated: July 18, 2017  /s/ Thomas M. Amon
Conor B. Dugan (P66901)
Thomas M. Amon (P72351)
Ashley G. Chrysler (P80263)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000
tamon@wnj.com
Attorney for Defendants

168306.174487 #15924321-3