UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAWN M. BACHI-REFFITT,

    Plaintiff,

v.

KEVIN REFFITT, RONALD REFFITT, SR., KAREN WIERENGA, and PENCON, INC.,

    Defendants.
_____/

Case No. 1:17-cv-263

Hon. Gordon J. Quist

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ..............................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND .......................................................1

ARGUMENT......................................................................................................................2

    I.    This Court Should Sanction Plaintiff under Fed. R. Civ. P. 11. .........................2

        A.   Plaintiff knows that her complaint contains operative facts and legal contentions that are barred by existing law in violation of Fed. R. Civ. P. 11(b)(2).......................................4

        B.   Plaintiff's repeated filings have needlessly increased the costs of litigation in violation of Fed. R. Civ. P. 11(b)(1). ..................................................................................7

        C.   Plaintiff's inflammatory and unnecessary allegations against Kevin Reffitt and his family constitute harassment in violation of Fed. R. Civ. P. 11(b)(1).............................7

    II.   This Court Should Sanction Plaintiff's Counsel under 28 U.S.C. § 1927..........................8

    III.  This Court Should use its Inherent Authority to Impose Sanctions. ...............................9

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adair v. State*,
  680 N.W.2d 386 (Mich. 2004) ............................................................................. 6

*Albright v. Upjohn*,
  788 F.2d 1217 (6th Cir. 1986) ............................................................................. 3

*Brown v. Neeb,*
  644 F.2d 551 (6th Cir.1981) ................................................................................. 5

*Cole v. Ladbroke Racing Mich., Inc.*,
  614 N.W.2d 169 (Mich. Ct. App. 2000) .............................................................. 5

*Ditmore v. Michalik*,
  625 N.W.2d 462 (Mich. Ct. App. 2001) ........................................................... 6, 7

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
  307 F.3d 501 (6th Cir. 2002) ................................................................................ 9

*Herron v. Jupiter Transp. Co.*,
  858 F.2d 332 (6th Cir. 1988) ............................................................................. 3, 8

*Jones v. Cont. Corp.*,
  789 F.2d 1225 (6th Cir. 1986) ............................................................................. 9

*Nederlander v. Nederlander*,
  517 N.W.2d 768 (Mich. Ct. App. 1994) .............................................................. 4

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*,
  465 F.3d 642 (6th Cir. 2006) ............................................................................... 9

*Rentz v. Dynast Apparel Indust., Inc.,*
  556 F.3d 389 (6th Cir. 2009) ............................................................................... 4

*Rinke v. Auto. Moulding Co.*,
  573 N.W.2d 344 (Mich. Ct. App. 1997) .............................................................. 5

*Ruben v. Warren City Sch.*,
  825 F.2d 977 (6th Cir. 1987) ............................................................................ 8, 9

*Union Planters Bank v. L & J Dev.Co., Inc.*,
  115 F.3d 378 (6th Cir. 1997) ............................................................................... 3

**Statutes**

28 U.S.C. § 1927 ............................................................................................................. 1, 8, 9, 10

**Rules**

Federal Rule of Civil Procedure 11 ...................................................................................... 1, 3, 10

MCR 2.612 .......................................................................................................................... 4

## INTRODUCTION

Plaintiff Dawn Bachi-Reffitt and her counsel should be sanctioned under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and under this Court's inherent power, for filing this lawsuit against Defendants Kevin Reffitt, Ronald Reffitt, Sr., Karen Wierenga, and Pencon, Inc. ("**Defendants**"). All of the claims in Plaintiff's Complaint ask this Court to reopen the property division set forth in the final judgment entered in Plaintiff's and Defendant Kevin Reffitt's state court divorce action, fall far short of stating actionable claims, and are clearly barred for the reasons discussed at greater length in the Brief in Support of Defendants' Motion to Dismiss that was previously filed with this Court.

Additionally, Plaintiff and her attorneys are well aware of relevant Michigan law that unequivocally confirms Plaintiff's claims were to be brought in the original action within one year of the divorce judgment. Finally, the allegations contained in Plaintiff's complaint are inflammatory and intended to harass the Reffitt family and cause Defendants to incur additional attorney's fees unnecessarily. Accordingly, sanctions are warranted.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and procedural history is discussed in detail in Defendant's Brief in Support of Motion to Dismiss, Dkt. No. 13, at 2-10. As set forth therein, this action constitutes Plaintiff's third improper attempt to attack the finality of the Consent Judgment, based on alleged discovery fraud by Kevin Reffitt that occurred in those Divorce Proceedings.[1]

Having been rejected by two Michigan courts and explicitly instructed to file her claims "if at all" in the Divorce Proceeding, Plaintiff opted instead to file this federal RICO lawsuit, based on the same operative facts as Plaintiff's post-judgment motion and state civil complaint.

---

[1] Unless otherwise defined, capitalized terms used in this Brief will have the same meaning as they are defined in Defendant's Brief in Support of Motion to Dismiss.

1

The only difference is that Plaintiff masked her inactionable claims by characterizing the alleged discovery fraud intrinsic to the Divorce Proceeding as a pattern of criminal racketeering by an "enterprise," i.e. the Reffitt family, in violation of RICO.  As set forth in Defendants' Motion to Dismiss, the RICO claims are utterly deficient as a matter of law.  To try and bolster her deficient RICO claims, Plaintiff littered her Complaint with inflammatory allegations against the entire Reffitt family, including Kevin Reffitt's deceased brother, in a desperate attempt to portray them as criminal actors.[2]  (*See e.g.*, Compl. ¶¶ 2, 5, 25, 91-94.)

This is an improper action.  The Complaint is littered with innuendo and baseless accusations of criminal misconduct.  Plaintiff raises disputed facts that could have been tried in the Divorce Proceeding, and were adjudicated under the Consent Judgment in that proceeding.  This is simply a transparent attempt litigate intrinsic discovery fraud outside of the only proper forum for such claims: the Family Court in which Plaintiff's Divorce Proceeding took place.  This action should never have been filed, and sanctions against Plaintiff and/or her counsel are proper.

## ARGUMENT

### I. This Court Should Sanction Plaintiff under Fed. R. Civ. P. 11.

This court should sanction Plaintiff and her counsel by dismissing this case and imposing monetary sanctions against them, including awarding Defendants attorney's fees and costs

---

[2] Some examples of inflammatory allegations include Plaintiff's allegations that the Reffitt family runs a criminal enterprise: "Defendants have conducted – and continue to conduct – the affairs of their RICO scheme through an enterprise (the "Reffitt Enterprise") consisting of Peninsula, the Reffitt Family (the "Reffitt Family" consists of Reffitt Sr. and Donna Reffitt and their two sons, Ronald Reffitt, Jr. (deceased, 2013) and Kevin Reffitt), and the Defendants' association-in-fact..." (Compl. ¶ 2.) Plaintiff also calls the Reffitt family "seasoned fraudsters," accuses Kevin Reffitt's deceased brother of criminal misconduct (in a conclusory fashion), and inserts allegations of physical abuse against her by Kevin Reffitt.

2

associated with defending this action. Fed. R. Civ. P. 11 provides that an attorney submitting a pleading to the Court is certifying that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . ..

The purpose of Rule 11 is to deter abuse of the legal process and to "streamline the litigation process by lessening frivolous claims or defenses." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). Rule 11 requires that, before any factual or legal allegations are made in a pleading, the litigant must first satisfy its affirmative duty to conduct a pre-filing investigation that is reasonable under the circumstances. *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986). This obligation also imposes a continuing duty to "review and reevaluate" pleadings in light of Rule 11. *Herron*, 858 F.2d at 336. Thus, litigants risk sanctions "for insisting upon a position that is no longer tenable." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments).

In the Sixth Circuit, the test for imposing Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev.Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997). The conduct must satisfy an objective standard of reasonableness, and the subjective conduct of the attorney or the litigant is not a defense to a claimed Rule 11 violation. *Herron,* 858 F.2d at 335. Essentially, a party must "stop-and-think" before making, and continuing to assert, a legal or factual claim. *See* Fed. R. Civ. P. 11.

When a court determines that Rule 11(b) has been violated, it may impose nonmonetary and monetary sanctions on the attorneys responsible for the violation. Fed. R. Civ. P. 11(c). Rule 11's primary purpose is to deter "repetition of the conduct or comparable conduct," and

3

monetary sanctions in favor of a party are available where non-monetary deterrence alone will not deter the offending conduct from repetition. *Rentz v. Dynast Apparel Indust., Inc.,* 556 F.3d 389, 395 (6th Cir. 2009).

### A. Plaintiff knows that her complaint contains operative facts and legal contentions that are barred by existing law in violation of Fed. R. Civ. P. 11(b)(2).

In addition to failing to state any actionable claim as a matter of law, Plaintiff's claims are barred by the broad release contained in the Consent Judgment, the doctrine of *res judicata*, the Michigan Court Rules, and Michigan case law, all of which Plaintiff and her counsel are completely aware.

First, Plaintiff is aware of the case of *Nederlander v. Nederlander*, 517 N.W.2d 768, 769 (Mich. Ct. App. 1994),[3] which was raised and briefed by Kevin Reffitt in the state circuit court action and specifically discussed by the circuit judge in dismissing that action. (11/17/2014 Hrg. Tr. and Order of Dismissal, Exhibit J of Motion to Dismiss, Dkt. No. 13-10.) Under *Nederlander*—which involved facts nearly identical to this case—a party may not file an independent action for fraud based on contentions that the other party committed fraud in discovery during a divorce proceeding. *Id.* at 770. "The exercise of due diligence during the course of liberal discovery should expose any intrinsic fraud that may be present in the divorce proceeding." *Id.* As discussed in greater detail in the Brief in Support of Defendants' Motion to Dismiss, *Nederlander* is well-established case law based on binding Michigan Supreme Court precedent, and clearly precludes this action that is based entirely on alleged discovery fraud intrinsic to the Divorce Proceeding.

---

[3] Plaintiff is also aware of MCR 2.612(C)(1)(c) and (2), which allows a party to seek redress for fraud in a divorce action only within one year after the judgment is entered. This Court Rule was expressly cited by the Family Court.

Indeed, Plaintiff's entire complaint in this action revolves around her claim that the Consent Judgment of Divorce <u>should</u> have awarded her more property.  But the property division was fully adjudicated in the final Consent Judgment, and Plaintiff's sole remedy is to seek to reopen that Consent Judgment in the Court that entered it.  Plaintiff has already attempted that, and her request was denied.  Plaintiff is aware of *Nederlander* and its relevance to this case because the issue has already been litigated against her in her previous attempt to make a collateral attack against the Consent Judgment, and the Michigan circuit court dismissed her complaint based on *Nederlander*.  Plaintiff and her counsel have ignored this clear and unambiguous case law, and know better than to think she can take a "second bite at the apple" by repackaging her meritless and inactionable discovery fraud claims into a federal racketeering action.

Second, Plaintiff voluntarily entered into the Consent Judgment, which she attaches as the first exhibit of her Complaint.  Under Michigan law, consent judgments are considered binding contracts as well as final judgments.  *Brown v. Neeb,* 644 F.2d 551, 557 (6th Cir.1981). If a Consent Judgment contains a release, the scope of the release is governed by the intent of the parties as expressly stated in the release itself, and the unambiguous text of the release controls. *Rinke v. Auto. Moulding Co.*, 573 N.W.2d 344, 345-46 (Mich. Ct. App. 1997); *Cole v. Ladbroke Racing Mich., Inc.*, 614 N.W.2d 169, 176 (Mich. Ct. App. 2000).  Here, Plaintiff voluntarily agreed, with the aid of outside counsel, to a broad release in the Consent Judgment that "forever" settled "any and all claims or rights" between Plaintiff and Kevin Reffitt "arising out of their marriage and subsequent divorce." (Consent Judgment ¶ 21, Ex. A of Compl.)  Plaintiff further released and "forever discharged" Kevin Reffitt from "any and all" actions "whatsoever," which Plaintiff "ever had, now has or may hereafter have . . . upon or by reason of any matter, cause, or

5

thing, up to the date of [the Consent Judgment]." (*Id.* ¶ 20.) The language is unambiguous and completely bars Plaintiff's claims in this action, including her RICO claims, because the underlying conduct that is at issue in this case took place before the Consent Judgment was entered. Plaintiff's knowledge of and consent to the broad release alone is enough to sanction her for bringing this action. The fact that she and her counsel have consistently ignored the broad release language that was been entered as part of a final judgment by the Michigan circuit court is patently unreasonable conduct under the circumstances.

Finally, Plaintiff's claims are barred by Michigan's doctrine of *res judicata*. Even a cursory inquiry into the doctrine by her counsel would have provided enough of a red flag to deter any objectively reasonable person from filing this action. To reiterate the case law provided in Defendants' Motion to Dismiss, under Michigan law, a subsequent action will be barred when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004).

"Res judicata applies to consent judgments" and therefore the divorce case was decided on the merits. *Ditmore v. Michalik*, 625 N.W.2d 462, 466 (Mich. Ct. App. 2001). Second, this action and the previous actions involve the same parties. Plaintiff and Kevin Reffitt were the parties to the Divorce Proceeding.[4] Finally, the matters asserted in this case were, or could have been, resolved in the Divorce Proceeding. "Michigan courts . . . have barred, not only claims *already litigated*, but *every claim arising* from the same transaction that the parties, exercising

---

[4] Plaintiff cannot avoid the preclusive effect of the Consent Judgment by simply adding additional parties (such as Pencon and Ms. Wierenga) and vaguely accusing them of misconduct. First, her claims against Kevin Reffitt are plainly barred. Second, her entire suit is based on her claim that she was injured because she was not awarded certain property in the divorce judgment from Kevin Reffitt. In other words, she is directly attacking the final property division in the final Consent Judgment, which she cannot do in this court.

6

reasonable diligence, *could have raised* but did not." *Id.* (emphasis added). Plaintiff investigated the Stock transfer while conducting discovery during the Divorce Action and the value of the Stock was a key issue to be litigated at trial. There is no question that Plaintiff could have resolved any dispute regarding the Stock transfer in the Divorce Proceeding; however, Plaintiff voluntarily chose to enter into the Consent Judgment instead.

### B. Plaintiff's repeated filings have needlessly increased the costs of litigation in violation of Fed. R. Civ. P. 11(b)(1).

Plaintiff has caused Defendants to incur unnecessary attorney's fees and expenses in this case, which fees, costs, and expenses are in addition to the fees, costs, and expenses Plaintiff forced Kevin and Ronald Reffitt to incur in her prior unsuccessful attempts to attack the consent judgment. Plaintiff was told by the Michigan Circuit Court that *Nederlander* precluded her attempt to litigate alleged discovery fraud in the Divorce Proceeding as a separate action, and instructed Plaintiff to assert her claims "if at all . . . as a motion within the divorce case." (11/17/2014 Hrg. Tr. and Order of Dismissal, Exhibit J of Motion to Dismiss, Dkt. No. 13-10 at 7.) But rather than file her claims in the proper Court, Plaintiff made a tactical decision to repackage that complaint into a 30-page RICO Complaint in federal court, needlessly causing her ex-husband, his father, and an individual who simply notarized some documents to bear the expenses of defending this action.

### C. Plaintiff's inflammatory and unnecessary allegations against Kevin Reffitt and his family constitute harassment in violation of Fed. R. Civ. P. 11(b)(1).

Since Plaintiff's Complaint lacks any factual or legal merit and is clearly precluded, Plaintiff's irrelevant and inflammatory allegations contained in the Complaint can only be interpreted as a means for Plaintiff to repeatedly harass her ex-husband and his family in a public forum. Plaintiff disparages the entire Reffitt family, alleging that they have created a criminal

7

fraud scheme called the "Reffitt enterprise," calling the Reffitt family "seasoned fraudsters," characterizing the family business as a vehicle for fraud, and accusing Kevin Reffitt's deceased brother of defrauding his ex-wife in 2007. As discussed in Defendants' Motion to Dismiss, Plaintiff falls far short of stating any actionable RICO claim as a matter of law. That, paired with the clearly precluded nature of this action, leads to the only reasonable conclusion that Plaintiff brought this lawsuit as a mere vehicle to attempt to circumvent the Michigan courts, gain some perceived leverage over, and/or harass the Reffitt family. It is also apparent that this RICO suit is Plaintiff's bad faith effort to burden Kevin Reffitt with litigation costs and force him towards a settlement relating to the dispute over the life insurance policy, which Kevin Reffitt has appealed in the Michigan courts. (*See* Compl. ¶ 3.)

In sum, filing a federal complaint was not reasonable under the circumstances and certainly cannot satisfy any "objective standard" of reasonableness as required by the Sixth Circuit in *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). Plaintiff and her counsel should therefore be sanctioned under Rule 11.

## II.     This Court Should Sanction Plaintiff's Counsel under 28 U.S.C. § 1927.

For all of the reasons outlined in Section I of this brief, Plaintiff's attorneys' conduct is also sanctionable under 28 U.S.C. § 1927. The rule provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* Section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ruben v. Warren City Sch.,* 825 F.2d 977, 984 (6th Cir. 1987).

8

A sanctioned attorney is therefore required to satisfy, personally, the excess costs attributable to his misconduct. *See id.* at 983.

Section 1927 sanctions do not require a showing of bad faith. *See id.* at 984; *Jones v. Cont. Corp.,* 789 F.2d 1225, 1230 (6th Cir. 1986) ("we hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety"). Thus, "an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal citations omitted).

Plaintiff's counsel's insistence on pursuing the same untenable claims *for the third time* despite knowledge that such claims are barred violates 28 U.S.C. § 1927. Plaintiff's attorneys have unreasonably multiplied these proceedings and are needlessly taking up this Court's time without any reasonable basis for doing so, warranting sanctions against counsel.

### III. This Court Should use its Inherent Authority to Impose Sanctions.

This Court also has the "inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal citations omitted). Sanctionable conduct exists when the position advanced was meritless, the party advancing that position knew or should have known this, and that the motive for pursuing the position was for an improper purpose such as harassment. *Id.* at 524 (internal citations omitted). For all of the reasons outlined in Section I above, this Court should sanction Plaintiff's counsel for continually harassing Defendants through repetitive litigation and advancing meritless claims with the knowledge that those claims are unsustainable.

9

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order sanctioning Plaintiff and her counsel for their conduct under Fed. R. Civ. P 11, 28 U.S.C. § 1927, and/or by this Court's inherent authority, and to award Defendants all of the costs, expenses, and attorney fees they have incurred in defending this action.

Respectfully submitted,

Dated:  July 18, 2017         */s/ Thomas A. Amon*
Conor B. Dugan (P66901)
Thomas M. Amon (P72351)
Ashley G. Chrysler (P80263)
WARNER NORCROSS & JUDD LLP
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000
tamon@wnj.com

*Attorney for Defendants*

168306.174487 #15930679-5