UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAWN M. BACHI-REFFITT,

      Plaintiff,

v.                                    Case No.  1:17-CV-263

KEVIN REFFITT, RONALD                   HON. GORDON J. QUIST
REFFITT, SR., KAREN WIERENGA,
and PENCON, INC.,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND AMENDING
DECEMBER 4, 2017, ORDER TO DISMISS STATE-LAW
CLAIMS WITHOUT PREJUDICE**

On December 4, 2017, the Court entered an Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's complaint, which alleged various claims, including violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), arising out of a divorce proceeding between Plaintiff and Defendant, Kevin Reffitt.  In particular, Plaintiff alleged that Kevin defrauded her by failing to disclose that he received far less than fair value in a sale of his stock in his family construction business to his father, Defendant Ronald Reffitt, Sr.  Plaintiff alleged that Kevin and his father executed the transaction about a week or so after Kevin initiated the divorce proceeding, but backdated the transfer documents to a date two days before Kevin filed for divorce.

First, the Court concluded that dismissal was proper because Plaintiff's claims were based on Kevin's alleged intrinsic fraud in the divorce proceeding, and Michigan law precludes an independent action based on intrinsic fraud.  (ECF No. 33 at PageID.631–633.)  The Court found

Plaintiff's interpretation of the Consent Judgment as authorizing a lawsuit or proceeding in a court other than the family court to be unreasonable.  Rather, the Court concluded that paragraph 25 of the Consent Judgment was limited to authorizing the state family court determine whether a party to the divorce proceeding concealed assets during that proceeding, and provided a remedy for any such concealment.  (*Id.* at PageID.634–35.)  Second, the Court concluded that Plaintiff's RICO claims were barred by the doctrine of res judicata and the release in the Consent Judgment.  (*Id.* at PageID.636–37.)  Finally, the Court concluded that Plaintiff lacked RICO standing.  (*Id.* at PageID.637–39.)

The Court also granted Defendants' motion for Rule 11 sanctions.  Although the Court cited several reasons for imposing sanctions, it imposed sanctions for the principal reason that—Plaintiff's claims clearly being based on Kevin's discovery fraud in the divorce proceeding—the proper remedy under Michigan law was to file a motion for relief from judgment in the family court, not a new lawsuit in federal court, and Plaintiff's reliance on the Consent Judgment as authority to do so was unreasonable.

Plaintiff has filed a motion for reconsideration of the December 4, 2017, Order, solely with regard to the Court's decision to award Defendants Rule 11 sanctions.  A party seeking reconsideration "bears a heavy burden" under this district's local rule governing such motions.  *Goldman v. Healthcare Mgmt. Sys., Inc.*, No. 1:05-CV-35, 2008 WL 2559030, at *1 (W.D. Mich. June 19, 2008) (citing *Wrench LLC v. Taco Bell Corp.*, 36 F. Supp. 2d 787, 789 (W.D. Mich. 1988)).  Western District of Michigan Local Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted."  Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a

correction thereof." LCivR 7.4(a). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Dantz v. Apple Am. Grp., LLC*, No. 5:04CV0060, 2006 WL 2850459, at *1 (N.D. Ohio Sept. 29, 2006) (internal quotation marks omitted).

Plaintiff first argues that the Court mistakenly observed that the case was not ordinary because, in part, it involved a high level of animosity between counsel. Plaintiff argues that this observation was incorrect because "there is no animosity between the attorneys and law firms in this case, and neither side has alleged it." (ECF No. No. 38 at PageID.668.) That may be true, insofar as it concerns defense counsel and Plaintiff's counsel from the Mantese Honigman firm. However, while the Court did not identify attorneys by name, there is no question that such animosity exists at least between Kevin and attorney Kent Gerberding, who appears as Plaintiff's counsel on the pleadings in this case, represented Plaintiff in the related divorce proceedings regarding the Pruco Insurance policy, and was the subject of an attorney grievance that Kevin filed with the Attorney Grievance Commission. Moreover, attorney Gerberding referred the instant case to the Mantese Honigman law firm after Kevin grieved Gerberding. (ECF No. 38-2 at PageID.693.) In any event, animosity between counsel was not the basis for the imposition of sanctions.[1] (ECF No. 33 at PageID.642.)

---

[1]Although Plaintiff claims that there is no animosity between counsel in the present case, in the Court's judgment, the parties' briefs paint a different picture.

Next, Plaintiff devotes a substantial portion of her brief to revisiting the Court's analysis on the merits.  As noted above, a motion for reconsideration is not a proper basis to rehash arguments that have previously been rejected.  *See Thomas v. Schroer*, No. 2:13-CV-2987, 2016 WL 3648974, at \*3 (W.D. Tenn. Mar. 30, 2016) ("If Plaintiff wishes to reargue this issue, an appeal, not a motion for reconsideration, is the appropriate recourse.").  While the Court understands that Plaintiff addresses the merits only to show that her claims were not frivolous, the Court finds no palpable defect in its analysis of the merits.  Therefore, the Court declines to revisit its rulings.

Next, Plaintiff argues that Rule 11 sanctions are inappropriate in this case because the Court dismissed the case at the Rule 12 stage, before the record could be fully developed through discovery.  Plaintiff further argues that it was reasonable for her to argue that the Consent Judgment applied only to Kevin and thus did not preclude a separate fraud/RICO action against the other Defendants, who were not parties to the Consent Judgment.  Relatedly, Plaintiff argues that an award of Rule 11 sanctions in this case will chill lawyers' vigorous advocacy and creative arguments.  (ECF No. 38 at PageID.686–87.)  Finally, Plaintiff argues that the Court should have heard oral argument before imposing sanctions.  (*Id.* at PageID.687–88.)

Plaintiff's Rule 11 arguments lack merit.  First, in its December 4, 2017, Opinion, the Court expressly considered the Sixth Circuit's admonition that district courts "'should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint.'" (ECF No. 33 at PageID.33 (quoting *Tafhs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003)).  But, as is evident from that Opinion, the Court did not grant Defendants' motion to dismiss on the basis that

Plaintiff's RICO allegations failed to state a claim.[2]  Dismissal was granted because Michigan law and the Consent Judgment precluded Plaintiff from filing this case in this Court.  No discovery was needed to establish the basis for this conclusion, as the Court had before it everything needed to determine that Plaintiff had no good faith basis to file this case: (1) Plaintiff alleged in the instant case that Kevin deprived her of her share of the true market value of his Peninsula stock; (2) in the divorce proceeding, Kevin disclosed that he sold his Peninsula stock to his father and the amount he received for his stock[3]; (3) Plaintiff and Kevin litigated the value of the stock during the divorce proceeding, and Plaintiff had ample opportunity to conduct discovery regarding the value of the stock; (4) Michigan law precludes an independent action based on intrinsic fraud—which is what Plaintiff alleges here; and (5) the Consent Judgment does not authorize an independent action based on discovery fraud and does not except intrinsic fraud claims from its broad release.

Second, as for Plaintiff's argument that she was entitled to bring her claims against three Defendants who were not parties to the divorce proceeding and Consent Judgment, in the Court's judgment, those parties—Ronald Reffitt, Sr., Karen Wierenga, and Pencon, Inc. (Peninsula)—were simply window dressing for Plaintiff's true claim that Kevin committed fraud in the divorce proceeding by making false discovery responses about the true value of his Peninsula stock.

---

[2]While the Court had no need to reach Defendants' arguments concerning Plaintiff's failure to properly plead the elements of her RICO claims, it would have dismissed Plaintiff's RICO claims on one or more of the grounds Defendants cited in their brief.  For example, Plaintiff failed to allege a "pattern" of racketeering for purposes of RICO. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 109 S. Ct. 2893 (1989).  Kevin's alleged one-off attempt to hide assets from Plaintiff during the divorce proceeding did not constitute a closed-ended period of repeated conduct extending over a substantial period of time, *Vild v. Vosconsi*, 956 F.2d 560, 569 (6th Cir. 1992), and Plaintiff's reliance on the 2007 divorce of Kevin's now-deceased brother—an unrelated proceeding separated by at least four years and involving different participants and alleged victims—falls short of establishing RICO's relatedness and continuity requirements. *H.J. Inc.*, 492 U.S. at 240–41, 109 S. Ct. at 2901–02.  Moreover, Plaintiff failed to allege that Ronald Reffitt, Jr. or anyone else committed a predicate criminal act of mail and/or wire fraud during the 2007 divorce proceeding.  Plaintiff's attempted use of RICO in this case was not unique, and it certainly was not proper. *See Rosner v. Rosner*, 766 F. Supp. 2d 422, 426 (E.D.N.Y. 2011) ("The plaintiff is not the first person involved in a matrimonial case to attempt to bring a RICO claim against a spouse for allegedly hiding marital assets.  The courts that have previously addressed this type of allegation have almost universally found such claims to be a misuse of the RICO statute.").

[3]Plaintiff's allegation that "Defendants . . . failed to disclose, concealed or attempted to secret or conceal the Stock from Dawn," (ECF No. 1 at pageID.23) is itself frivolous.

Plaintiff did not allege that Pencon, Inc. or Wierenga, whose sole act was notarizing the back-dated

stock transfer documents, played any part in directing the enterprise's affairs, *see Reves v. Ernst &*

*Young*, 507 U.S. 170, 179, 113 S. Ct. 1163, 1170 (1993), and Plaintiff failed to allege that Reffitt,

Sr., Wierenga, or Pencon, Inc. committed at least two predicate acts.  *See Kerrigan v. ViSalus, Inc.*,

112 F. Supp. 3d 580, 605 (E.D. Mich. 2015).

Third, despite Plaintiff's warning of dire consequences to the adversarial process, the Court

doubts that imposition of Rule 11 sanctions in this case will chill advocacy, particularly in those

cases advocating for "the rights of the weak, abused, or powerless."[4]  (ECF No. 38 at PageID.687.)

The Court is confident that an award of sanctions in this case will not have the disastrous

consequences Plaintiff predicts.

Finally, Plaintiff's argument that the Court should have afforded Plaintiff oral argument

before imposing sanctions is without merit.  Plaintiff did not request oral argument on the motion,

although she could have done so.  W.D. Mich. LCivR 7.2(d), 7.3(d).  Thus, Plaintiff waived oral

argument and, in any event, a "court need not hold a hearing before imposing sanctions under Rule

11." *Haisha v. Countrywide Bank, FSB*, No. 11-11276, 2011 WL 3268104, at *1 n.2 (E.D. Mich.

July 29, 2011) (citing *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480,

at * (6th Cir. Mar. 15, 1995) ("There is normally no right to a separate sanctions hearing where . .

. the district judge imposing the sanctions has participated in the proceedings, the party is being

sanctioned for filing frivolous claims, and the party being sanctioned had both notice of his potential

exposure to sanctions and an opportunity to respond.")).

---

[4]The Court fails to see the connection between the instant case and the cases Plaintiff cites—*Brown v. Board of Education*, 347 U.S. 483, 74 S. Ct. 686 (1954), and *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct 792 (1963)—as examples of the types of cases this Court's award of Rule 11 sanctions might discourage.

Finally, on a separate issue, the Court notes that its December 4, 2017, Order did not address the disposition of the state-law claims.  Because the federal RICO claims were dismissed at the initial stage, the Court, in its discretion under 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state-law claims and will dismiss them without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the December 4, 2017, Order (ECF No. 34) is **AMENDED** to provide that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

Dated:  May 8, 2018                                            /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE