UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAWN M. BACHI-REFFITT,

    Plaintiff,

v.                                                                          Case No.  1:17-CV-263

KEVIN REFFITT, RONALD                                  HON. GORDON J. QUIST
REFFITT, SR., KAREN WIERENGA,
and PENCON, INC.,

    Defendants.
_____/

## ORDER AWARDING ATTORNEY'S FEES

Pursuant to the Court's December 4, 2017, Order (ECF No. 34), Defendants have filed a brief regarding reasonable attorney's fees and costs, and Plaintiff has filed a response.[1]  As sanctions, Defendants request an award of attorney's fees in the amount of $75,406.00 and costs in the amount of $1,098.60.  (ECF No. 41 at PageID.836.)  Plaintiff responds that no award is necessary to serve Rule 11's purposes, but if a monetary award is made, it should be minimal, as Defendants' request is unreasonable and excessive.  (ECF No. 46 at PageID.1029.)

Under the 1993 amendments to Rule 11, the primary purpose of sanctions "is to deter rather than to compensate [a party injured by the violation]."  Fed. R. Civ. P. 11 Advisory Committee Notes (1993 amendments).  Still, the Sixth Circuit has recognized that compensation for a Rule 11 violation remains permissible in appropriate circumstances.  *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 400 (6th Cir. 2009) ("[A]lthough it is clear that Rule 11 is not intended to be a

---

[1] Although Plaintiff requests oral argument, the matter is fully briefed and the Court concludes that oral argument would not be helpful.  W.D. Mich. LCivR 7.2(d).

compensatory mechanism in the first instance, it is equally clear that effective deterrence sometimes requires compensating the victim for attorney fees arising from abusive litigation."). District courts retain wide discretion in determining an appropriate sanction for a Rule 11 violation. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002); *see also EEOC v. Pines of Clarkston, Inc.*, No. 13-CV-14076, 2014 WL 6612375, at *1 (E.D. Mich. Nov. 20, 2014) ("A district court has broad discretion in determining whether to impose sanctions.") (citing *DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 687 F.3d 744, 752 (6th Cir. 2012)). However, "[a] sanction . . . must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiff argues that no sanction is warranted because Rule 11's purpose has already been met. Plaintiff notes that her case has been dismissed, her counsel have lost more than 785 hours of attorney time on this contingent fee case, and Plaintiff's counsel and their firms have already felt the impact of the Court's December 4, 2017, Order granting Defendants' motion for Rule 11 sanctions. Plaintiff also argues that analysis of the eleven factors set forth in the Advisory Committee Notes to the 1993 amendment to Rule 11 compels the conclusion that monetary sanctions are not warranted.

Plaintiff's arguments are not persuasive. First, dismissal of a case and loss of attorney time—no matter how extensive the pre-filing inquiry—are nothing more than the ordinary incidents of dismissal, quite apart from any Rule 11 violation. Second, third-parties' use of the December 4, 2017, Order to denigrate the Mantese Honigman firm may be a consideration in whether to impose monetary sanctions, but such use does not address whether Defendants should be compensated for the violation. On that point, in this Court's judgment, at least some monetary sanctions are appropriate. As the Court has emphasized elsewhere, this was not the run-of-the-mill case in which dismissal turned on deficient RICO allegations. Although Plaintiff's RICO claim *was* deficient in

2

a number of respects (most of which the Court did not address), the Court found a Rule 11 violation because, in spite of Plaintiff's characterization, her claim was based on intrinsic fraud in the divorce proceeding, for which Michigan prohibits an independent action. The Traverse County Circuit Court judge made this clear in Plaintiff's separate action, noting that Plaintiff was required to pursue her fraud claim in the family court. (ECF No. 13-10 at PageID.359–60.) Because Defendant Kevin Reffitt had disclosed the existence and sale of his stock to Plaintiff during the divorce proceeding, this Court, too, concluded that the family court was the only proper forum for Plaintiff's claims. Plaintiff's allegation that "Defendants . . . failed to disclose, concealed or attempted to secret or conceal the [Peninsula] Stock from [Plaintiff]" (ECF No. 1 at PageID.23), was thus patently false. In short, Plaintiff's claim—crafted to avoid Michigan's no-independent-action rule—was "a misuse of the RICO statute," *Rosner v. Rosner*, 766 F. Supp. 2d 422, 426 (E.D.N.Y. 2011), and should not have been filed in this Court. Finally, the Court has addressed many of Plaintiff's other arguments in the Order denying Plaintiff's motion for reconsideration and need not address them here.[2]

In determining whether fees sought are reasonable, courts assessing Rule 11 sanctions generally rely on the lodestar method borrowed from cases applying fee-shifting statutes. *See Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983)). The lodestar approach is the product of hours reasonably expended and a reasonable hourly rate, typically the prevailing market rate for a competent lawyer performing similar work in the local legal community. *Blum v. Stenson*, 465

---

[2] Plaintiff relies on affidavits of two experts in the area of legal ethics to establish that counsel's conduct in filing the complaint in this case was within the acceptable range of ethical conduct. (ECF No. 46 at PageID.1032 (citing Mogill Aff. and Miller Aff., ECF Nos. 38-3 and 38-4).) The Court declines to consider these affidavits because they contain legal conclusions that go to the central issue of whether Plaintiff's counsel violated Rule 11—an issue of law for the Court. *See G-I Holdings, Inc. v. Baron & Budd*, No. 01 CIV. 0216 RWS, 2002 WL 1934004, at *11–12 (S.D.N.Y. Aug. 21, 2002) (striking portions of two expert reports submitted on the issue of Rule 11 sanctions because they contained "impermissible legal conclusions"). Moreover, Plaintiff presented the affidavits, for the first time, in her motion for reconsideration.

U.S. 886, 888, 896 & n.11, 104 S. Ct. 1541, 1544, 1547 n.11 (1984). A court may adjust the hours claimed for duplication of work, frivolous claims, and padding. *Northcross v. Bd. of Educ. of Memphis City Schs.*, 611 F.2d 624, 636–37 (6th Cir. 1979). In the Rule 11 context, a court should focus on a proper, not a maximum, sanction amount. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Thus, reasonable fees and actual fees are not necessarily synonymous. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys, Inc.*, 815 F.2d 391, 404 (6th Cir. 1987). Moreover, "even when the offended party's actual expenditures appear reasonable, a district court may determine in its discretion that a smaller amount should be awarded as a sanction in consideration of the financial resources of the offending attorney." *Jackson*, 875 F.2d at 1230.

As noted above, Defendants request a fee award of $75,406.00. This amount is based on work performed by four attorneys: (1) Conor Dugan, a Senior Counsel at Warner Norcross & Judd LLP with fourteen years of civil litigation experience; (2) Thomas Amon, a Senior Counsel at Warner with nine years of civil litigation experience; (3) Carly Zagaroli, an associate at Warner with approximately three years of experience; and (4) Ashley Chrysler, an associate at Warner with approximately two years of experience.[3] (ECF No. 41-1 at PageID.845–47; ECF No. 41-2 at PageID.890.) Defendants request includes 11.9 hours of work by attorney Dugan at his standard hourly rate of $350; 117.7 hours of work by attorney Amon at his standard hourly rate of $370; 57 hours of work by attorney Zagaroli at her standard hourly rate of $285; and 43.10 hours of work by attorney Chrysler at her standard hourly rate of $270. (ECF No. 41-1 at PageID.847.)

Plaintiff does not dispute the reasonableness of the Warner attorneys' rates, and the Court, based on its own experience in determining fee issues in previous cases, finds those hourly rates

---

[3] Attorney Dugan states in his affidavit that Kevin Dougherty, a partner at Warner, spent 0.3 hours on the matter providing consultation on divorce litigation issues at his standard hourly rate of $500. (ECF No. 41-1 at pageID.847 n.1.) Because it appears that attorney Dougherty's time is not included within the 229.7 hours that Defendants claim, the Court will exclude his time from the award.

4

reasonable. Plaintiff does dispute the reasonableness of the number of hours claimed and the total fee award, noting that the amount claimed is out of line with sanctions awarded in other cases involving more egregious conduct.

The Court knows that determining reasonable hours spent is not a science. With that in mind, the Court concludes that the 229.7 hours spent on the case were excessive. Although the case involved RICO claims and had a lengthy history, neither the facts nor the issues were overly complex. The work defense counsel performed in this case included reviewing the complaint, preparing and filing the motion to dismiss and supporting brief, the motion for sanctions, replies to Plaintiff's responses, a response to Plaintiff's motion for leave to file a sur-reply, and a response to Plaintiff's motion to submit supplemental authority. (ECF Nos. 12, 13, 16, 17, 25, 26, 29 and 32.) Although Defendants did not summarize the attorneys' time by particular task, the Court finds no need to have them do so in this particular case. In the Court's judgment, 77 total hours would have been reasonable to complete the work on these tasks, allocated as follows: 50 hours for the motion to dismiss, 10 hours for the sanctions motion, 15 hours total for the replies, and one hour for each response to Plaintiff's two motions. Applying the approximate pro-rata percentage of time each attorney spent on the case (Dugan (11.9/229.7=5%), Amon (117.7/229.7=51%), Zagaroli (57/229.7=25%), and Chrysler (43.10/229.7=19%)) and the respective attorney rates yields a total fee of $25,313.75 (Dugan (77 hours x .05 x $350=$1,347.50), Amon (77 hours x .51 x $370=$14,529.90), Zagaroli (77 hours x .25 x $285=$5,486.25), and Chrysler (77 hours x .19 x $270=$3,950.10)). The Court concludes that a further reduction is warranted for time defense counsel spent on issues upon which the Court did not rely in finding a Rule 11 violation, including those relating to deficiencies in Plaintiff's RICO claims in Defendants' opening brief and reply in support of their motion to dismiss. In addition, the Court did not impose sanctions under 28 U.S.C. § 1927 or the Court's inherent power, which Defendants addressed in their motion and supporting

brief for sanctions. A 30% reduction, or $7,594.13, reasonably reflects the work and briefing devoted solely to these issues.

Accordingly, the Court will award Defendants sanctions in the amount of $17,719.62, an amount the Court finds to be an adequate deterrent in this case. Fed. R. Civ. P. 11(c)(4). In addition, having reviewed Defendants' requests for expenses for electronic research, photocopies, and other items, in the total amount of $1,098.60, the Court finds such amount reasonable and will award that amount as well.

Therefore,

**IT IS HEREBY ORDERED** that Defendants are awarded attorney's fees in the amount of $17,719.62 and expenses in the amount of $1,098.60 as Rule 11 sanctions against Plaintiff's counsel.

This Order **concludes the case**.


Dated: May 10, 2018                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE